COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Zachary Keith Hill v. The State of Texas

Appellate case number:      01-14-00945-CR

Trial court case number:    1281596

Trial court:                263rd Judicial District Court of Harris County

On March 3, 2015, this Court denied appellant's motion for an extension of time to file appellant's brief without prejudice to refiling the motion after the clerk's record was filed. On March 13, 2015, the record in this appeal was completed with the filing of the clerk's record in this Court, and the Clerk of this Court sent out notice that appellant's brief was to be due within 30 days of the filing of the clerk's record, or by April 13, 2015. Because appellant did not timely file a brief by April 13, 2015, the Clerk of this Court sent a late brief notice on April 27, 2015, notifying appellant's retained counsel, Edward Mathew Hennessy, that this case would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), if either his brief or extension motion were not filed within 10 days of that notice. Nevertheless, appellant's counsel, Edward Mathew Hennessy, has not timely filed a brief or extension request on appellant's behalf.

We therefore sua sponte **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Edward Mathew Hennessy, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Edward Mathew Hennessy has abandoned this appeal;

(3) if counsel Edward Mathew Hennessy has not abandoned this appeal:

    a.    inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf; and

    b.    set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Edward Mathew Hennessy has abandoned this appeal, enter a written order relieving Edward Mathew Hennessy of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a.    if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;

    b.    if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing; or,

        ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire a new appellate attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2014); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than 30 days from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the

trial court's findings and recommendations with this Court **within 30 days of the date of the hearing**. The court reporter is directed to file the reporter's record of the hearing **within 30 days of the date of the hearing**. If the hearing is conducted by video teleconference and electronically recorded, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

If Edward Mathew Hennessy files an extension motion and brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, **no later than 10 days from the date of this Order**, together with a motion requesting that we withdraw this Order of Abatement, we may reconsider and withdraw this Order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record, if any, that comply with this Order, are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Laura Carter Higley

☒ Acting individually    ☐ Acting for the Court

Date: May 28, 2015

3